I.Z. v West End Residences Hous. Dev. Fund Co. Inc. (2023 NY Slip Op 01957)

I.Z. v West End Residences Hous. Dev. Fund Co. Inc.

2023 NY Slip Op 01957

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 153196/17 Appeal No. 60 Case No. 2022-00295 

[*1]I.Z., an Infant by Her Mother and Natural Guardian, K.Z., et al., Plaintiffs-Respondents,
v
West End Residences Housing Development Fund Company Inc., Defendant-Appellant.

Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for appellant.
Law Office of Martin L. Ginsberg, P.C., Woodbury (Martin L. Ginsberg of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 10, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
I.Z., the infant plaintiff, moved into a unit in defendant's premises soon after her birth in April 2015, and was first diagnosed with elevated blood lead levels in July 2016, three months after renovation of the floor in the apartment where she lived with her mother. I.Z.'s mother testified that when she returned to the unit after the renovation, her belongings and the apartment were covered with dust. The building had a history of positive tests for lead; however, in January 2007, after retaining an environmental consulting firm to conduct testing for lead paint in mid-2006, defendant obtained a New York City Department of Housing Preservation and Development exemption from the rebuttable presumption of notice of lead paint (Administrative Code of City of NY § 27-2056.5[a]). The same firm conducted tests in September 2016 and found that lead was within normal limits.
Defendant failed to establish its entitlement to summary judgment dismissing the complaint because it failed to demonstrate as a matter of law that there was no lead-based paint in plaintiffs' apartment at the relevant time, or that it acted reasonably in remedying any condition. Although defendant demonstrated that plaintiffs are not entitled to rely on the presumption of Administrative Code § 27-2056.5(a), it may still be found liable based on common-law negligence (see A.L. v New York City Hous. Auth., 169 AD3d 40, 48 [1st Dept 2019]). Sufficient circumstantial evidence was presented by defendant's own evidence to raise an issue of fact as to negligence, as the child's blood lead level was elevated and the record suggests no other more likely source than the apartment (see id. at 49).
Furthermore, defendant's evidence that the apartment was tested in 2006 and then in September 2016 is not dispositive of the absence of lead paint in the apartment at the relevant time — namely, the months before July 2016. In fact, the firm that tested the apartment in 2006 and 2016 noted in its disclaimers that its findings were limited to the time, date, and areas of sampling, and that lead-based paint components may still exist on or around the building despite negative tests.
Even assuming defendant's evidence was sufficient to carry its initial burden, plaintiffs raised triable issues of fact in opposition sufficient to defeat defendant's motion. The testimony by I.Z.'s mother about the dust in the apartment after the renovation presents an issue of fact concerning the presence of lead in the unit during their residency, as the dust was found three months before the child's blood lead levels were found to be elevated for the first time (see id. at 50). In addition, plaintiffs' expert stated that the lead levels in 2006, when the landlord obtained its exemption, were unlikely to reflect lead [*2]levels in 2016, when I.Z.'s condition was diagnosed. Plaintiffs also presented evidence that defendant had actual and constructive notice of a hazardous peeling paint condition, since it had the right to enter the unit and had made repairs, knew that the building was constructed before 1960, knew that paint was peeling in the bathroom, knew that lead-based paint was hazardous to young children, and knew that I.Z., a child under 6 years of age, lived in the apartment (see Chapman v Silber, 97 NY2d 9, 15 [2001]; Rivera v Neighborhood Partnership Hous. Dev. Fund Co. Inc., 116 AD3d 633, 634 [1st Dept 2014]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023